

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 4, 1965

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. C-386

Re: Constitutionality of
Article 5142, Vernon's
Civil Statutes.

Dear Mr. Lindsey:

You have requested our opinion on the validity of that portion of Article 5142, Vernon's Civil Statutes, authorizing the selection as juvenile officer "any school attendance officer or officers of the county, or of school districts in the county."

Article 5142, Vernon's Civil Statutes, provides in part:

" . . .

"In the appointment of all juvenile officers, the county judge and the County Juvenile Board may select for such office <u>any school attendance officer or officers of the county, or of school districts in the county</u>, that may be authorized by law, and the salary and expense of such joint juvenile officer or officers and attendance officers shall be paid jointly by the county and school authorities upon any basis of division they may agree upon." (Emphasis added)

Section 40 of Article XVI of the Constitution of Texas provides in part:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except . . ." (Exception not applicable).

The distinction made between an officer and an employee is stated in <u>Aldine Independent School District v. Standley</u>, 154 Tex. 547, 280 S.W.2d 578 (1958), and <u>Dunbar v. Brazoria County</u>, 224 S.W.2d 738 (Tex.Civ.App. 1949, error ref.), as follows:

"From the above authorities, it is apparent, we think, that the determining factor which distinguishes a public officer from an employee is

-1824-

> whether any sovereign function of the govern-
> ment is conferred upon the individual to be
> exercised by him for the benefit of the public
> largely independent of the control of others."

In Dunbar v. Brazoria County, supra, the Court held that a county road engineer was not an officer under the provisions of Section 24 of Article V of the Constitution of Texas. In Aldine Independent School District v. Standley, supra, the Supreme Court of Texas held that an assessor-collector of taxes appointed by the school district board of trustees was not an officer, quoting the language of the Dunbar case referred to above.

In Knox v. Johnson, 141 S.W.2d 698 (Tex.Civ.App. 1940, error ref.), the Court stated:

> ". . . Much has been written on whether the
> occupant of a public position is a public officer
> as contradistinguished from a public employee. The
> best and most comprehensive discussion of this sub-
> ject that we have found is contained in State of
> Montana ex rel. Barney v. Hawkins, 79 Mont. 506, 257
> P.411, 53 A.L.R. 583-595, wherein decisions from
> many states are cited and reviewed. See, also, 34
> Tex.Jur. 82, p.322; 46 C.J. 82, p.922; 22 R.C.L.
> 82, p.372. The rule deduced by the annotator in 53
> A.L.R. 595, from numerous cases reviewed in deter-
> mining the status of such a public position, is as
> follows: 'It may be stated, as a general rule deduci-
> ble from the cases discussing the question, that a
> position is a public office when it is created by
> law, with duties cast on the incumbent which involve
> an exercise of some portion of the sovereign power
> and in the performance of which the public is con-
> cerned, and which also are continuing in their
> nature and not occasional or intermittent; while a
> public employment on the other hand, is a position
> which lacks one or more of the foregoing elements.'"

In Knox v. Johnson, supra, the Court held that the Superintendent of the San Antonio State Hospital was an officer, stating:

> ". . . He is required to take the constitu-
> tional oath of office, and execute an official bond
> as is required of other state officers. He is made
> a custodian of and responsible for state property
> and state funds. His 'term of office' and the
> salary therefor are fixed by law. Definite and
> specific governmental duties and powers are imposed

upon him in which the State as a whole is interested. Manifestly, he discharges strictly a governmental function affecting the public as a whole, and clearly is an officer of the State."

Article 5142, Vernon's Civil Statutes, provides that the juvenile officer created by its provisions shall serve for a term not to exceed two years from the date of the appointment; requires the juvenile officer to take an oath of office and to file such oath of office in the office of the county clerk; prescribes the duties of the juvenile officer, which he exercises by virtue of holding the office; provides for the removal from office by the power appointing him.

Applying the principles announced in the foregoing cases to the duties of juvenile officers prescribed in Article 5142, Vernon's Civil Statutes, it is our opinion that the juvenile officer is an officer within the meaning of Section 40 of Article XVI of the Constitution of Texas.

It is noted that under the express provisions of Article 5142, the juvenile officer may be "any officer of the county or any officer of a school district in the county." Therefore, the provisions of Article 5142 specifically provide for dual office holding in violation of the provisions of Section 40 of Article XVI of the Constitution of Texas. You are, therefore, advised that the provisions of Article 5142, authorizing the selection for the office of juvenile officer "any officers of the county or of school districts in the county" is unconstitutional, being in violation of the provisions of Section 40 of Article XVI of the Constitution of Texas. However, you state that the Juvenile Board of Jefferson County has appointed as juvenile officers two men who are employed on a contractual basis by the Port Arthur Independent School District as truant officers. Under the submitted facts, as the persons selected as truant officers are merely employees, they can be appointed juvenile officers as two civil offices are not involved.

## SUMMARY

The provisions of Article 5142, authorizing the selection for the office of juvenile officer "any officers of the county, or of school districts in the county" is unconstitutional, being in violation of the provisions of Section 40 of Article XVI of the Constitution of Texas. However, an

Hon. W. C. Lindsey, page 4 (C-386)

       employee of a school district may be appointed
       as a juvenile officer.

             Yours very truly,

             WAGGONER CARR
             Attorney General

             By
                John Reeves
                Assistant

JR:cg:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Norris
Pat Bailey
Jack Goodman
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone